(No. 3484—

HARDWARE MUTUAL CASUALTY COMPANY, A CORPORATION, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 8, 1940.*

DILLEY, BJORK, BLAIR & MUNNECKE, for claimant.

JOHN E. CASSIDY, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Claimant corporation is an Insurance Company licensed to transact business in the State of Illinois and engaged in writing Workmen's Compensation Insurance.

The firm of Klein & Heckman, Inc., was a plumbing and heating contractor, and had received a sub-contract for the plumbing work on certain construction at the Illinois State Hospital for the Insane, owned and operated by respondent at Manteno, Illinois. Claimant herein, on September 17, 1938 and September 17, 1939, had entered into written contracts with Klein & Heckman to insure the latter from claims by the latter's employees arising under the Workmen's Compensation Act of Illinois.

Klein & Heckman and various employees, including Eddie Allen, a laborer, and Urban P. Zoph, a plumber's apprentice, commenced work on its Manteno plumbing project during the month of July, 1939. Claimant herein alleges that it was the duty of respondent to supply good pure and wholesome water upon the hospital premises for the use of all persons thereon, including the Klein & Heckman employees working there; but that notwithstanding such duty, "said respondent and its agents, servants, superintendents, and State Welfare Director A. L. Bowen, carelessly and negligently permitted typhus germs from the sewage disposal system to contaminate the water supply system in said hospital, resulting in an epidemic of typhoid fever. That while so employed on said project the said Eddie Allen and Urban P. Zoph drank water from said system and thereby contracted typhoid fever." The complaint further avers that respondent impliedly warranted to Eddie Allen and Urban P. Zoph that the water from the regular supply system of the hospital was at all times pure, free from germs and contamination and fit for human consumption, but that on the contrary such water contained typhus germs. Complainant further states that the two employees, Allen and Zoph, drank from the regular drinking supply in the kitchen of the hospital and thereby contracted typhoid fever; that Eddie Allen, as a direct result thereof, died on September 19, 1939, leaving his widow, Mrs. Garnet Allen, surviving him. That during his illness he incurred hospital and medical expense of Two Hundred Eighty-five and 40/100 ($285.40) Dollars, which claimant paid under its contract of insurance; that in addition Mrs.

Garnet Allen filed claim with the Illinois Industrial Commission, being Case No. 273023, which resulted in a settlement between this claimant and Mrs. Garnet Allen for the sum of Four Thousand ($4,000.00) Dollars.

Claimant further states that Urban P. Zoph, as a result of his illness, incurred medical, hospital and nursing bills amounting to One Thousand Ninety-seven and 20/100 ($1,097.20) Dollars, which claimant by reason of its contract of insurance was obliged to pay, and that it has in addition paid to Zoph under the terms of the Workmen's Compensation Act, the sum of Sixteen and 50/100 ($16.50) Dollars per week for the period of nineteen (19) weeks from September 20, 1939, through January 30, 1940, in a total sum of Three Hundred Thirteen and 50/100 ($313.50) Dollars.

Claimant states that it was legally liable under the terms of the Workmen's Compensation Law of Illinois to make the foregoing payments under its contract of insurance, and that by reason thereof it has been subrogated to the rights of said employees Eddie Allen and Urban P. Zoph, and of Klein & Heckman, Inc., as the insured, against the State of Illinois to recover said items above set forth.

Claimant contends that ''it acquired such rights by subrogation, by contract, and by operation of law,'' and seeks an award in the sum of Five Thousand Six Hundred Ninety-six and 10/100 ($5,696.10) Dollars.

The Attorney General, on behalf of the respondent, has filed a motion to dismiss the claim, on the grounds that same does not set forth a demand which the State as a sovereign commonwealth should discharge and pay; that no obligation by subrogation, contract or operation of law is set forth upon which the State could be legally held to respond in damages.

In its Brief, claimant contends that the supplying of water by the State of Illinois at the State hospital was a private and corporate duty and not a governmental function, and that the Doctrine of Respondeat Superior therefore applies; also that the respondent negligently failed to comply with the statutes of the State of Illinois, thereby directly causing damage to claimant herein. We cannot agree with these contentions. The rule is well established that—

The State, in the maintenance of its charitable institutions is engaged in a governmental function, and that the State, in the exercise of its govern-

mental functions, is not liable for the negligence of its servants and agents in the absence of a statute making it so liable.

In 13 R. C. L. 944, Section 8, the rule is stated as follows:

"Strictly public institutions created, owned and controlled by the State or its subdivisions, such as State asylums for the insane, city hospitals, reformatories, etc., are not liable for the negligence of their agents. The doctrine of respondeat superior does not apply. They are held to be governmental agencies brought into being to aid in the performance of the public duty of protecting society from the individual unfortunate or incompetent in mind, body or morals, and the rules applicable to municipal corporations and public offices generally are applied.

The furnishing of water at the State Hospital at Manteno was an integral part of the maintenance of such institution. There is no existing law in Illinois making the State liable for the negligence, malfeasance or misfeasance of its officers or employees in the management or maintenance of its institutions.

Petitioner's claim is based upon such alleged negligence.

As there is no statute making the State liable under the facts alleged in this case, and no contract is shown by which any implied warranty could attach to the State for the benefit of claimant as herein contended, an award could not be legally granted herein. This ruling is recognized and applied in the cases of—

*Herman Perry* vs. *State,* 10 C. C. R. 503;

*Lillian Pelli* vs. *State,* 8 C. C. R. 324;

*Tollefson* vs. *City of Ottawa,* 228 Ill. 134; and

*Minear* vs. *State Board of Agr.,* 259 Ill. 549.

The motion of the Attorney General is therefore allowed and the claim dismissed.